**Emmanuel Asanji NGUFOR,
Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 05–2293.

United States Court of Appeals,
Fourth Circuit.

Submitted: July 26, 2006.

Decided: Aug. 14, 2006.

Danielle L.C. Beach–Oswald, Noto &
Oswald, P.C., Washington, D.C., for Petitioner.   Rod J. Rosenstein, United States
Attorney, Richard C. Kay, Assistant United States Attorney, Baltimore, Maryland,
for Respondent.

Before WILKINSON, NIEMEYER,
and KING, Circuit Judges.

Petition denied by unpublished PER
CURIAM opinion.

Unpublished opinions are not binding
precedent in this circuit.   See Local Rule
36(c).

PER CURIAM:

Emmanuel Ngufor, a native and citizen
of Cameroon, petitions for review of an
order of the Board of Immigration Appeals
affirming the immigration judge's denial of
his requests for asylum, withholding of
removal, and protection under the Convention Against Torture.

Ngufor challenges the Board's finding
that his testimony was not credible and
that he otherwise failed to meet his burden
of proof to qualify for asylum.   We will
uphold a negative credibility determination
if it is supported by substantial evidence,
see *Tewabe v. Gonzales,* 446 F.3d 533, 538
(4th Cir.2006), and reverse the Board's
decision only if the evidence "was so compelling that no reasonable fact finder could
fail to find the requisite fear of persecution," *Rusu v. INS,* 296 F.3d 316, 325 n. 14
(4th Cir.2002) (internal quotations and citations omitted).

We have reviewed the administrative
record and the Board's decision and find
that substantial evidence supports the adverse credibility finding and the ruling
that Ngufor failed to establish past persecution or a well-founded fear of future
persecution as necessary to establish eligibility   for   asylum.     *See*   8   C.F.R.
§ 1208.13(a) (2006) (stating that the burden of proof is on the alien to establish
eligibility for asylum); *INS v. Elias–Zacarias,* 502 U.S. 478, 483, 112 S.Ct. 812, 117
L.Ed.2d 38 (1992) (same).

Similarly, because Ngufor does not qualify for asylum, he is also ineligible for
withholding of removal.   *See Camara v.
Ashcroft,* 378 F.3d 361, 367 (4th Cir.2004).
Finally, substantial evidence supports the
finding that Ngufor fails to meet the standard   for   relief   under   the   Convention
Against Torture.   To obtain such relief, an
applicant must establish that "it is more
likely than not that he or she would be
tortured if removed to the proposed country of removal."   8 C.F.R. § 1208.16(c)(2)
(2006).   Ngufor failed to make the requisite showing.

Accordingly, we deny the petition for
review.   We dispense with oral argument
because the facts and legal contentions are
adequately presented in the materials before the court and argument would not aid
the decisional process.

*PETITION DENIED.*